CLIFFORD L. PAYNE AND JAN F. PAYNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Payne v. Commissioner
Docket No. 23636-90
United States Tax Court
T.C. Memo 1992-22; 1992 Tax Ct. Memo LEXIS 34; 63 T.C.M. (CCH) 1778; T.C.M. (RIA) 92022; January 13, 1992, Filed *34 An order will be entered dismissing this case for lack of jurisdiction. Edwin B. Tatum, for petitioners. Pamelya P. Herndon, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION Respondent's motion to dismiss for lack of jurisdiction was assigned to Special Trial Judge D. Irvin Couvillion for hearing, consideration, and ruling thereon pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined a deficiency of $ 63,810 in petitioners' 1985 Federal income tax and additions to tax under section 6653(a)(1) and (2), respectively, of $ 3,191 and 50 percent of the interest due on the underpayment of $ 63,810, and the addition to tax under section *35 6661 of $ 15,953. Respondent has moved to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the 90-day period prescribed by section 6213(a). Petitioners filed a notice of objection and respondent filed a response thereto. The motion was calendared for hearing at which evidence was adduced. At the time the petition was filed, petitioners resided in Lovington, New Mexico. They have always lived in Lovington. Clifford L. Payne (petitioner) is an attorney engaged in the practice of law in Lovington, New Mexico. He conducts his practice through a professional corporation. The notice of deficiency bears a date of October 12, 1989. The petition was filed October 22, 1990, some 375 days after the date appearing on the notice of deficiency. Since section 6213(a) provides that a taxpayer may file a petition with this Court within 90 days after the notice of deficiency is mailed, or 150 days if the notice is addressed to a person outside the United States, this Court has no jurisdiction over the case if a petition is filed beyond these prescribed time periods. ; . *36 Respondent's motion to dismiss is based upon this proposition. The notice of deficiency is addressed to petitioners at Box 849, Lovington, New Mexico 88260-0849. This is a post office box which petitioners acknowledge is their correct mailing address. In fact, petitioner testified that this post office box has been petitioners' mailing address since 1953 and is their box not only for their personal mail but also for their business mail, including petitioner's law practice, his professional law corporation, petitioner's mother and mother-in-law, and that of a corporation, Cotton Warehouse, Inc. Petitioners contend in their notice of objection that they received actual and constructive knowledge of the notice of deficiency on July 23, 1990. They contend that the 90-day period provided by section 6213(a) should commence as of July 23, 1990. Accordingly, they argue that their petition was timely filed. Petitioner's secretary discovered the notice of deficiency on July 23, 1990, in petitioner's professional corporation file at his law office. Petitioner's accountant and return preparer called petitioner's secretary on that date requesting that she search petitioner's records for *37 the notice of deficiency because respondent's agents had contacted the accountant for collection of an assessment of 1985 Federal income taxes against petitioners. Petitioner testified that, prior to July 23, 1990, he had no knowledge or information that a notice of deficiency had been issued, even though the notice was found in his file records. Petitioners contend they are chargeable with actual or constructive notice of the notice of deficiency only as of July 23, 1990, because they had previously executed a power of attorney, Internal Revenue Service Form 2848, at the time the audit of their 1985 income tax return commenced and, in the power of attorney, they designated their accountant as their exclusive agent and representative. In the power of attorney, respondent was directed to send the originals of all notices and all other written communications in connection with the audit to their designated agent and representative. Petitioners' accountant never received either an original or a copy of the notice of deficiency, and, because of this, petitioners contend they had no notice or knowledge of the notice of deficiency until the matter came to petitioner's attention when *38 his secretary discovered the notice of deficiency in his file. Respondent does not contend that the original or copy of the notice of deficiency was mailed to petitioners' accountant. However, he contends that the notice of deficiency was mailed to petitioners on October 12, 1989. Moreover, respondent contends the notice was mailed to petitioners' last known address. Neither party produced the power of attorney at the hearing. Petitioners' accountant testified that, at the time the audit of petitioners' return commenced, he prepared the power of attorney, obtained petitioners' signatures thereon, and gave it to respondent's agent, inadvertently failing to make a copy for his files. However, when respondent commenced demands for collection of the 1985 assessment, petitioners' accountant prepared a second power of attorney, which petitioners executed and provided to respondent's collection agents. Petitioners' accountant testified that this subsequent power of attorney was identical to the previously executed power of attorney and contained the following language: Send originals of all notices and all other written communications in proceedings involving the above tax matters *39 to the appointee first named above, and a duplicate copy of all notices and all other written communications to the taxpayer named above.
At the hearing, for the first time, petitioners contended that respondent had not established proof of mailing of the notice of deficiency on October 12, 1989. This contention was not raised in their notice of objection. Respondent attached to the motion to dismiss the copy of a document alleged to be United States Postal Service Form 3877, on which petitioners' names and address appear along with a postmark by the United States Postal Service dated October 12, 1989. This document, however, does not bear any form identification number nor the name of the United States Postal Service. The document is addressed to the Internal Revenue Service office at Albuquerque, New Mexico, and, in several blocks listing various categories of mail, the block for "Certified Mail" is checked. The body of the form is captioned "Notices of deficiency, for the years indicated, have been sent to the following taxpayers". Following that, there is handwritten information showing a certified mailing number, the names and address of petitioners, and the number *40 "8512" indicating the tax year ending December 31, 1985. The document bears a postmark of October 12, 1989, and, at the bottom, the signature of the Postal Service employee who received the mailing and also a block stating that three parcels were received for mailing on that date. Petitioners have not challenged the authenticity or accuracy of any of this information. Rather, they contend that, since the document presented to the Court is not identified as United States Postal Service Form 3877, respondent failed to establish that the notice of deficiency was mailed. [2]
At the hearing, petitioner testified that he never personally called *41 for or picked up mail at the post office. This was the responsibility of one of his secretaries. The secretary testified that she only picked up petitioners' business mail. Any mail which appeared to be petitioners' personal mail, and mail addressed to the other parties who received mail at the post office box, was picked up either by petitioner's wife or the other addressees. The secretary opened and reviewed all the mail she picked up. She testified that "what mail he [petitioner] needs to see" was placed on petitioner's desk. This also included personal mail which she may have inadvertently picked up. Petitioner's office did not "date stamp" mail when received. Petitioner's secretary testified she did not know the date the notice of deficiency was received. However, since the notice was in petitioner's office file, she was certain that it in fact had been received in the mail and that she had picked it up at the post office, as was the case with all other mail addressed to petitioner. She further testified she had no reason to believe that the notice was received at any date other than a date within a reasonable time period after October 12, 1989. She did not recall, *42 however, ever signing for receipt of such mail as a certified parcel and was equally certain that, when the notice of deficiency was received, it was not placed on petitioner's desk for his attention because petitioner would most certainly have directed her to call petitioner's accountant to confirm whether the accountant had also received the notice. The secretary was certain that no such event transpired except on July 23, 1990, when the accountant called, requesting a search of petitioner's records for the notice of deficiency. A notice of deficiency is valid, whether or not the taxpayer receives it, if respondent mails the deficiency notice to the taxpayer's last known address. Sec. 6212(a) and (b); ; ; . Therefore, if respondent deposited the notice of deficiency with the United States Postal Service on October 12, 1989, as contended by respondent, the notice is valid if it was correctly addressed. Sec. 6213(b)(1). Petitioners agree that the notice of deficiency *43 was correctly addressed. They contend, however, that the notice: (1) Was not mailed, and (2) if mailed, was not mailed to petitioners' representative, as respondent was directed to do under the power of attorney. The fact that the notice of deficiency is not mailed to a taxpayer's representative, as directed in a power of attorney, is not fatal to the validity of the notice of deficiency. This Court has held that, even though the taxpayer directs that a copy of all communications be sent to the taxpayer's agent, the notice of deficiency is valid where it was mailed directly to the taxpayer at the taxpayer's last known address, even though a copy was not sent to the taxpayer's agent. ; ; ; . Where the power of attorney directs that "all notices and other written communications" be sent to the taxpayer's agent or representative, this Court has held that such directive renders the agent's address as the taxpayer's "last known address" *44 for purposes of section 6212(b)(1). . However, a violation of this mandate does not necessarily invalidate a notice of deficiency. In , and , this Court held that a notice of deficiency was valid even though it was not mailed to the taxpayer's "last known address" under section 6212(b)(1) if the taxpayer actually received the notice of deficiency and was not unduly prejudiced in timely filing a petition with this Court. A taxpayer's actual receipt of a notice of deficiency, without prejudicial delay, obviates the need to consider section 6212(b)(1). The "last known address" requirement of section 6212(b)(1) has been held to be a safe harbor provision to protect the Secretary where, due to the taxpayer's failure to give notice of a change of address, actual notice to the taxpayer cannot be perfected. . Under this safe harbor provision, a notice of deficiency mailed to the taxpayer's "last known address" is valid even if it is *45 never received by the taxpayer. . We note that the power of attorney in question was not produced. However, assuming such a power existed and the agent's address became petitioners' last known address, the ultimate question is whether respondent's actions satisfied the requirements of section 6212(a). If petitioners timely received actual notice, the infraction by respondent of section 6212(b)(1) becomes moot. Respondent bears the burden of proving that the notice of deficiency was properly mailed. . The date appearing on the notice of deficiency is not proof of the date of mailing. . Respondent has successfully proven the act of mailing notices of deficiency by offering Postal Service Form 3877, reflecting receipt into the mail by the Postal Service. . However, respondent's method of proof is not limited to the use of Form 3877. In , *46 this Court held that, in the absence of Form 3877, respondent could establish proof of mailing through evidence establishing his usual customs and practices in issuing and mailing notices of deficiency, provided such evidence was supported by direct testimony or documentary evidence of mailing. In this case the record supports a finding that respondent mailed the notice of deficiency to petitioners at their last known address on October 12, 1989. Leaving aside the question of the sufficiency or adequacy of the purported Form 3877 presented by respondent, and leaving aside the question whether the issue surrounding Form 3877 was timely raised by petitioners, the fact remains that petitioner had in his possession, in his files, the notice of deficiency. Petitioner's secretary testified that this notice was received through the mail, and there was no reason to believe that it was not received within a reasonable time period after the date of October 12, 1989, appearing on the notice. The secretary acknowledged that the sequence or order in which the notice was filed with other contents in the office file confirmed her belief that the notice was received within a reasonable time period *47 of the date appearing on the notice. Petitioners presented no evidence to dispute any of the information contained on the purported Form 3877 attached to respondent's motion to dismiss. That document contained all the information that this Court has held satisfied respondent's burden of proving that a notice of deficiency was in fact mailed. See , affd. without published opinion . The provisions of sections 6212 and 6213(a) were designed to afford a taxpayer notice of respondent's determination and an opportunity to litigate the validity of such determination in this Court without first paying the claimed deficiency. , affg. . A mailing that effectively results in actual notice is what is contemplated by the statute. , affg. ; ; . *48 Here petitioners not only received the deficiency notice from respondent but they also had actual notice of the deficiency within a reasonable period after it was mailed on October 12, 1989. It is apparent that, for some reason, petitioner's office procedures did not work with respect to this particular correspondence. That failure cannot be charged to respondent. Therefore, we reject petitioners' contention that they received actual notice on July 23, 1990. Accordingly, respondent's motion to dismiss will be granted. An order will be entered dismissing this case for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On brief, respondent argued that he had no knowledge prior to the hearing that such issue would be raised by petitioners. Respondent offered that the copy of Form 3877 inadvertently failed to show the identification of the form and attached to his brief another copy of the same form in which the identification of the form clearly appears as United States Postal Service Form 3877.↩